Slidell, J.
I concur in the opinion expressed by Judge Preston, that the appointment of May, 1847, was understood by the executive and the appointee as a confirmation of the appointment of December, 1846, although the words “as successor of Waters,” or “in place of Waters, resigned,” are not contained in the appointment first mentioned. I, therefore, consider Gilly as holding under an appointment dating from the 4th day of December, 1846.
For the purposes of the present case, I consider the omission of Gilly to take a new oath upon receiving the second commission immaterial.
By the act of 1813, the office of notary was to be held during good behavior. By the operation of the 96th article of the Constitution, and in the absence of any legislation fixing a shorter term, the term of the office of notary is one of four years, and he is not in my opinion removable by the executive.
The governor has by law the power of appointing notaries, and no precise time being assigned for the commencement and termination of the office, the time from which the constitutional term of four years commences to run is, in my opinion, the date of the commission.
In Bry v. Woodruff, the office involved was that of president of the board of public works. The appointment was required by the statute to be made biennially. So in the ease of judges, under our present Constitution, definite periods are established for the beginning and end of each term of office; and any exercise of the appointing power between those periods would be for the unexpired terms. Thus, the judge who succeeded Judge King on this bench, received a commission for the unexpired term of Judge King, and then a commission for eight years, dating from the expiration of Judge King’s term. See also act of February 11, 1825. But where no precise time for the beginning and termination of an office is fixed, the officer, I think, takes the office not for the unexpired term of his predecessor, but for the constitutional or legal term of the office, dating from his appointment.
*536 The executive did not appoint Gilly for the unexpii-ed term of Waters who resigned. The expression “ in place of Waters who has resigned,” I conceive to be a designation of Gilly as the person who was to take the official records of Waters. I refer, upon this matter, to the remarks of Judge Preston.
I therefore conclude that the term of Gilly has not expired. The commisson of Kelly issued upon a mistake as to Gilly's tenure, and is, in my opinion, for the present, at least, inoperative against Gilly.
I am of opinion that the judgment should be reversed, and the proceeding dismissed at the costs of the relator.